UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:00-cr-00107 |
| Plaintiff, | : | Senior Judge S. Arthur Spiegel |
| vs. | : | **ORDER** |
| JOSEPH R. BAKO, | : | |
| Defendant. | : | |

This matter is before the Court on Defendant's Motion for Return of Passport (doc. 21).

On January 10, 2001, the Defendant appeared before the Court and entered a plea of guilty to a one-count Information, charging him with False Statements Relating to Health Care Matters, in violation of 18 U.S.C. § 1035. The Court subsequently sentenced the Defendant on April 19, 2001 to a term of three (3) years supervised release, with the first four (4) months served on home confinement with electronic monitoring. The Defendant was also ordered to pay restitution in the amount of $55,449.51, which was later amended to $30,449.51 pursuant to this Court's Orders of March 9, 2004 (doc. 18) and April 12, 2004 (doc. 19). The Court notes that the Defendant's term of supervised release expired on April 18, 2004. The Defendant now moves the Court for return of his passport, previously surrendered on January 11, 2001,

representing that all terms of his supervised release have been fulfilled.

The September 2005 revisions to guidelines contained in *The Supervision of Federal Defendants*, Monograph 111, Appendix E, implement new procedures for the disposition of surrendered passports by the district courts. These guidelines established the following procedures:

> <u>Disposition of Surrendered Passports</u>: When a passport is surrendered by a defendant, the clerk of court, the pretrial services office or the probation office may become the custodian of the document. Passports should be retained pending their use as evidence or the disposition of charges, and then disposed of as described below. The date and method of passport disposition should be memorialized in the defendant's case file.
>
> <u>Defendant Not Convicted</u>: The custodian of the passport should request the court's permission to return the document to the defendant. Exception: If the passport is known to have been issued in a false name, the custodian should seek court permission to return the document to the Department of State (if a United States passport) or to the appropriate ICE DRO field office (if a foreign passport) unless the document is being held for evidentiary purposes in another proceeding.
>
> <u>Defendant Convicted</u>: Absent specific directives from the court, the custodian of the passport should return the passport to the Department of State (if a United States passport) or to the appropriate regional office of Immigration and Customs Enforcement (if a foreign passport). Send with the passport an updated copy of the Form 40 or Form 40A that was used for the original notification, along with a copy of the Judgment. The Judgment accompanying foreign passports being sent to ICE DRO should be certified whenever possible.

      <u>Expired Passports</u>: Should be handled the same as valid passports.

In accordance with these new guidelines, the Clerk, upon Order of the Court, properly disposed of the Defendant's passport on June 12, 2006, by forwarding it to the United States Department of State (doc. 20).  As the Court is no longer in possession of Defendant's passport, the Court does not find Defendant's motion well-taken, and hereby DENIES Defendant's motion (doc. 21).

The Defendant is hereby advised by the Court to contact the Department of State at the address below with any inquiries he may have regarding final disposition of his passport.

      United States Department of State
Office of Passport Policy and Advisory Services
2100 Pennsylvania Avenue, N.W., 3rd Floor
Washington, DC 20037

SO ORDERED.


Date: March 13, 2007     <u>s/S. Arthur Spiegel</u>
                                   S. Arthur Spiegel
                                   United States Senior District Judge